**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

Farm Credit Leasing Services Corporation,

          Plaintiff,

    v.

Jeffrey McDoniel,

          Defendant.

Case No.:  4:19-cv-242-BRW

## FCL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff Farm Credit Leasing Services Corporation ("FCL") moves for partial summary judgment on Count I of its Complaint because there are no material facts in dispute, Defendant Jeffrey McDoniel ("Defendant") is in default under his lease agreement with FCL, and Defendant presents no meritorious defenses.  It is undisputed that Defendant entered into the lease agreement identified as contract number 001-0062122-000 (the "62122 Lease" or "Lease") with FCL to lease certain agricultural equipment.[1] Also, it is undisputed that Defendant failed to make required payments and disposed of the leased equipment without FCL's consent—both straightforward defaults under the Lease.

Although Defendant pleaded no affirmative defenses, Defendant's Answer vaguely suggests he is excused from performance under the Lease because he was defrauded by Charles Schindler of Delta Southern Chemical Corporation, LLC, the equipment dealer. Defendant's fraud allegation is an affirmative defense that should have been pleaded and therefore has been waived.

---

[1] FCL's Complaint asserted claims for breach of contract under three separate leases.  This motion seeks summary judgment as to the 62122 Lease only.

However, even if the Court considers Defendant's fraud allegation, fraud by a third-party equipment vendor does not provide a defense to enforcement of a lease agreement.

Defendant refuses to make agreed-upon contractual payments under a lease he has admitted he signed. Moreover, FCL's equipment is not available because Defendant surrendered it to Charles Schindler without FCL's consent. For the reasons discussed below, FCL is entitled to summary judgment on Count I of its Complaint for breach of contract with respect to the 62122 Lease.

## Background[2]

FCL is a member of the Farm Credit System and supports rural communities and agriculture by leasing equipment and other personal property to individuals and businesses in the agriculture industry. (SOF ¶ 3). Defendant is a customer of FCL who obtained possession of agriculture equipment (the "Equipment") from FCL pursuant to the 62122 Lease. (SOF ¶ 4).  In reliance on Defendant's representations in the 62122 Lease, FCL wired funds to the dealer, Delta Southern, to purchase the Equipment for Defendant's benefit. (Kranz Aff. ¶ 10.) The 62122 Lease required Defendant to pay FCL annual lease payments for Defendant's use of the Equipment. (SOF ¶ 5). Failure to timely make the payments constitutes an event of default under the 62122 Lease. (SOF ¶ 7). In addition, the 62122 Lease provides that Defendant was not permitted to "assign, transfer, or otherwise dispose of . . . any Equipment or any interest therein" or "remove the Equipment from the Equipment Location specified" in the Lease without FCL's prior, written consent. (**Exhibit 1** at ¶ 6; Kranz Aff. ¶ 7).

---

[2] FCL incorporates its statement of uncontroverted material facts ("SOF") filed contemporaneously herewith to the motion and this brief in support of the motion. The statement of uncontroverted material facts contains a more detailed account of the Lease transaction.

2

Defendant defaulted on the 612122 Lease by failing to make the lease payments when due. (SOF ¶¶ 12, 13.) FCL sent a notice of default letter to Defendant. (SOF ¶ 14). Defendant also defaulted by disposing of the Equipment without FCL's consent. (SOF ¶ 13). Despite receiving the notice of default, Defendant failed to cure the default. (SOF ¶ 15).  Due to Defendant's defaults and failure to cure, FCL accelerated the remaining amounts due pursuant to the terms and conditions set forth in the Lease.  (SOF ¶ 16). According to the terms of the 62122 Lease, as of February 5, 2020, Defendant is liable to FCL for $105,426.79, plus pre-judgment interest, late fees and other accrued charges, and plus attorneys' fees and costs, which have and will continue to accrue. (SOF ¶ 19.)

## Legal Standard

### I.    Choice of Law

In the 62122 Lease, the parties agreed Minnesota law would apply to all disputes in connection with the agreements, including all matters of "construction, validity, and performance." (SOF ¶ X). Therefore, Minnesota law will apply to the substantive issues, while federal law will apply to the procedure. *Wahrmund v. Buschman*, No. 4:16-CV-137-KGB, 2018 WL 1277726, at *3 (E.D. Ark. Mar. 12, 2018) ("Arkansas courts recognize and enforce valid express choice of law provisions contained in contracts"); *Am. Honda Fin. Corp. v. GloMc, Inc.*, 820 F. Supp. 1157, 1160 (E.D. Ark. 1993) (enforcing choice of law provision in security agreement).

### II.    Summary Judgment

Summary judgment is proper where "in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds." *Harris v. CitiMortgage., Inc.*, No. 3:06 CV 0038 GTE, 2006 WL 2711525, at *3 (E.D. Ark. Sept. 21, 2006) (citing *Holloway v. Lockhart,* 813 F .2d 874 (8th

Cir.1987)); Fed. R. Civ. P. 56(a)). The burden on the party moving for summary judgment is only

to demonstrate that the record does not disclose a genuine dispute on a material fact. *Counts v.*

*M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988). "It is enough for the movant to bring up the

fact that the record does not contain such an issue and to identify that part of the record which

bears out his assertion." *Id.* If this is done, it is then the respondent's burden "to set forth

affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the

respondent fails to carry that burden, summary judgment should be granted." *Id.*

**Argument**

**I.    Because Defendant has refused to make payments under the Lease and relinquished possession of the Equipment, FCL is entitled to judgment on its breach of contract claim.**

FCL is entitled to summary judgment on its claim against Defendant for breach of the

62122 Lease. Under Minnesota law, an action for breach of contract requires proof of three

elements: "(a) the formation of the contract; (b) performance by plaintiff of any conditions

precedent to his right to demand performance by defendant; and (c) a breach of the contract by

defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). There are no

genuine issues of material fact as to whether FCL can prove all three conditions. The facts

demonstrate the existence of a contract; that FCL performed its obligations; and that Defendant

breached in multiple ways. Therefore, FCL is entitled to summary judgment.

Indeed, it is uncontroverted that FCL and Defendant entered into the Lease. (SOF ¶ 5.)

FCL performed under the Lease by paying the vendor and by leasing the Equipment to Defendant.

(SOF ¶ 9.) It is also uncontroverted that Defendant failed to make payments when due under the

terms of the Lease. (SOF ¶ 12.) Indeed, as of February 5, 2020, Defendant owed a balance of

4

$105,426.79 to FCL under the Lease, plus pre-judgment interest, late fees and other accrued charges, and plus attorneys' fees and costs, which have and will continue to accrue. (SOF ¶ 19.)

In addition, Defendant is in default for removing the Equipment from his farm without FCL's consent. In his Answer, Defendant states Mr. Schindler "picked up the tractor" from him, admitting that the Equipment was removed from Defendant's farm. (Answer, Doc. 9 at 1-2). It is undisputed that Defendant agreed he would not "assign, transfer, or otherwise dispose of . . . any Equipment or any interest therein" or "remove the Equipment from the Equipment Location specified" in the Lease without FCL's prior, written consent. (**Exhibit 1** at ¶ 6; Kranz Aff. ¶ 7). By relinquishing possession of the Equipment to Mr. Schindler, Defendant violated paragraph 6 of the 62122 Lease and is therefore in default.  These uncontested facts entitle FCL to judgment as a matter of law.

### III. Defendant waived all affirmative defenses and his allegation of third-party fraud is not a valid defense to enforcement of the Lease.

Defendant's Answer failed to set forth any affirmative defenses.  However, in his response to Paragraphs 6, 7, 8, and 9 of the Complaint, Defendant suggests he is excused from the performance of his lease obligations because he was defrauded by Mr. Schindler. (Defendant's Answer, Doc. 9 at 1). Specifically, Defendant claims that sometime after execution of the 62122 Lease, Mr. Schindler took the Equipment and stated he would pay the remaining lease balance to FCL. (Defendant's Answer, Doc. 9 at 2). Also, Defendant vaguely asserts that FCL was aware of Schindler's fraud and therefore cannot enforce the Lease. *Id.*

Rule 8(c) of the Federal Rules of Civil Procedure requires that affirmative defenses be pleaded. In general, failure to do so constitutes a waiver of that affirmative defense. *See, e.g., Stephenson v. Davenport Comm. Sch. Dist.,* 110 F.3d 1303, 1307 n. 3 (8th Cir.1997); *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 808 (8th Cir. 2013). Fraud is expressly identified

in Rule 8(c) as an affirmative defense that must be pleaded. Fed. R. Civ. P. 8(c)(1). Furthermore, under Rule 9(b), fraud must be stated with particularity.  Fed. R. Civ. P. 9(b); *Edgefield Holdings, LLC v. Gauthier*, No. 4:16CV00726 JLH, 2017 WL 449633, at \*4 (E.D. Ark. Feb. 2, 2017). Because Defendant failed to plead fraud with particularity as required by Rules 8(c)(1) and 9(b), he cannot now rely on it as an affirmative defense to defeat summary judgment.

However, even if the Court considers the statements in Defendant's Answer, the alleged fraud is not a valid defense. Minnesota law is clear that a misrepresentation or fraud by a third-party equipment vendor does not provide a defense to enforcement of a lease agreement.  *See Lyon Fin. Servs., Inc. v. Hearyman*, No. A08-1795, 2009 WL 1515598, at \*3–4 (Minn. Ct. App. 2009); *Lyon Fin. Servs., Inc. v. Oxford Maxillofacial Surgery, Inc.*, No. CIV 08-5498 RHK/JSM, 2009 WL 2170999, at \*3 (D. Minn. 2009) ("Generally, 'fraud and misrepresentation by an equipment vendor' do not preclude 'enforcement of a financial lease.'"); *Lyon Fin. Servs., Inc. v. Shyam L. Dahiya, M.D., Inc.*, No. CIV08-5523 DWF/JJK, 2010 WL 1131456, at \*5 (D. Minn. 2010) ("Defendants cannot use the alleged misconduct of [a third-party] as a defense to the performance of the Agreement with [Plaintiff]."). Accordingly, even if Mr. Schindler took leased equipment from Defendant and promised to pay FCL, those circumstances do not excuse Defendant's payment obligations—nor would they excuse Defendant's default for relinquishing the Equipment without FCL's consent.

## Conclusion

Because there is no genuine dispute of material fact, summary judgment should be entered in favor of FCL and against Defendant in the amount, as of February 5, 2020, of $105,426.79 plus

6

pre-judgment interest, late fees and other accrued charges, and plus attorneys' fees and costs, which have and will continue to accrue.[3]

Respectfully submitted,

Henry C. Shelton, III
Bar # 2010015
***Attorneys for Farm Credit Leasing***
***Services Corporation***
ADAMS AND REESE LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119
Phone  (901) 525-3234
Fax     (901) 524-5419
henry.shelton@arlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system this 10th day of February 2020.

Henry C. Shelton, III

---

[3] Because the amounts owed continue to accrue, FCL will submit a Declaration establishing the extent of its losses, at or prior to the hearing of this Motion.

CORE/3009126.0224/156955443.4