**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| Farm Credit Leasing Services Corporation,<br><br>        Plaintiff,<br>   v.<br><br>Jeffrey McDoniel,<br><br>        Defendant. | Case No.: 4:19-cv-242-BRW |

**FCL'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Farm Credit Leasing Services Corporation ("FCL") submits the following statement of uncontroverted material facts in support of its motion for summary judgment:

**STATEMENT OF FACTS**

Plaintiff Farm Credit Leasing Services Corporation ("FCL") submits the following statement of uncontroverted material facts in support of its motion for summary judgment:

1. FCL is a federally chartered instrumentality of the United States with its principal place of business at 1665 Utica Avenue South, Suite 400, Minneapolis, Minnesota 55416. (Affidavit of Barrett Kranz ("Kranz Aff.") ¶ 3, which is attached as **Exhibit 1** and incorporated by reference.)

2. Defendant Jeffrey McDoniel ("Defendant") is an individual citizen of the state of Arkansas residing at 101 First Street, Griffithville, Arkansas 72060. (Defendant's Answer, Doc. 9 at 1).

3. FCL is engaged, among other things, in the business of leasing equipment and other personal property to businesses and sole proprietors in the agriculture industry. (Kranz Aff. ¶ 4.)

4. Defendant is a customer of FCL who obtained possession of agriculture equipment from FCL pursuant to a certain commercial equipment lease agreement. (Kranz Aff. ¶ 5;)

5. On or about April 11, 2014, Defendant entered into a commercial equipment lease agreement with Farm Credit Leasing as evidenced by that certain Commercial Equipment Lease Agreement dated April 11, 2014, identified as contract number 001-0062122-000, executed and delivered by Defendant in favor of Farm Credit Leasing (the "62122 Lease"), for the purpose of leasing a 2014 Deutz Fahr Agrotron Tractor, model number 7250, serial number WSXV910200LD10627 (the "62122 Tractor"), pursuant to the terms and conditions as are more specifically identified therein. (62122 Lease, attached hereto as **Exhibit 2**; Kranz Aff. ¶ 6; *see also* Defendant's Reponses to FCL's Requests for Admission ("Admissions") at ¶ 1, attached as **Exhibit 3**.).

6. According to Paragraph 6 of the 62122 Lease, Defendant agreed that the 62122 Tractor would remain at the address identified in the 62122 Lease and that the "Equipment[1] will only be used in [Defendant's] trade or business . . . in accordance with applicable operating instructions, laws, government regulations, and applicable insurance policies." Defendant further agreed that without FCL's prior written consent, Defendant would not "assign, transfer, or otherwise dispose of . . . any Equipment or any interest therein" or "remove the Equipment from the Equipment Location specified" in the Lease. (**Exhibit 2** at ¶ 6; Kranz Aff. ¶ 7;)

7. Pursuant to Paragraph 12 of the 62122 Lease, Defendant shall be in default if he:

- Shall fail to pay when due any rent or other amount required to be paid by Defendant; or
- Fails to perform any other provisions hereunder or violates any of the covenants or representations made by Lessee herein and each failure or breach shall continue unremedied for a period of 10 days after written notice to Lessee; or

---

[1] As defined therein.

- Shall be in default under any other agreement between Farm Credit Leasing and Defendant or under any material obligation to a third party for borrowed money or deferred purchase price of property.

(**Exhibit 2** at ¶ 12; Kranz Aff. ¶ 8;)

8. Paragraph 13 of the 62122 Lease further provides that upon a default, Farm Credit Leasing shall have the right, in its sole discretion, to exercise its remedies, which include but are not limited to:

- Repossessing the 62122 Tractor without demand or notice, and without court order or legal proceeding, and selling or leasing the 62122 Tractor or otherwise disposing, holding or using such 62122 Tractor at Farm Credit Leasing's discretion;

- Recovering from Defendant all rent and other amounts then due and to become due hereunder;

- Recovering from Defendant all of Farm Credit Leasing's costs and expenses (including legal expenses and attorneys' fees) in enforcing the 62122 Lease;

- Availing itself to any other remedy available at law or in equity; and

- Recovering from Defendant an amount equal to the sum of:

    - Any accrued and unpaid rentals as of the date Farm Credit Leasing obtains possession of the 62122 Tractor following Defendant's default; plus

    - The present value of all future rentals reserved in the 62122 Lease and contracted to be paid over the unexpired term of the 62122 Lease and the present value of the anticipated residual value of the 62122 Tractor at the expiration of the 62122 Lease, discounted at a rate equal to the six (6) month U.S. Treasury Bill rate as of the repossession date; plus

3

- All costs and expenses incurred by Farm Credit Leasing in any repossession, recovery, storage, repair, sale, re-lease, or other disposition of the 62122 Tractor including reasonable attorney's fees resulting from Defendant's default; less

- The amount received by Farm Credit Leasing upon the sale or re-lease of the 62122 Tractor, if any.

(**Exhibit 2** at ¶ 13; Kranz Aff. ¶ 9;)

9. Pursuant to the 62122 Lease, Defendant agreed to make one payment of $40,000.00 in April 2014, followed by three consecutive annual payments of $33,606.46 commencing in April 2015, followed by three consecutive annual payments of $39,319.56 commencing in April 2018. According to the plain language of the 62122 Lease, Defendant's right to possession of the 62122 Tractor expires upon the earlier of the Defendant defaulting on the 62122 Lease, or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in April 2020. (**Exhibit 2** at 1, Kranz Aff. ¶ 10).

10. Defendant agreed to an end-of-lease residual and purchase option price of $54,296.00, as evidenced by that certain Lease Change Acknowledgment, executed by Farm Credit Leasing and Defendant and dated April 11, 2014. (Lease Change Acknowledgement, attached hereto as **Exhibit 4**; Admissions at ¶ 2).

11. In reliance on Defendant's representations in the 62122 Lease, FCL wired funds to Delta Southern Chemical Corporation, LLC to purchase the Equipment for Defendant's benefit. (Kranz Aff. ¶ 11.)

12. Defendant failed to adhere to his payment obligations under the 62122 Lease and is in default. Accordingly, and pursuant to the terms and conditions set forth in the 62122 Lease, Farm Credit Leasing is entitled to recover the amounts due under the terms of the 62122 Lease, as of February 5, 2020, of not less than $105,426.79, in addition to prejudgment interest, costs, legal

4

expenses and reasonable attorneys' fees incurred, and Farm Credit Leasing is entitled to recover the 62122 Tractor. (Kranz Aff. ¶ 14).

13. Defendant also failed to adhere to his agreement not "assign, transfer, or otherwise dispose of . . . any Equipment or any interest therein" or "remove the Equipment from the Equipment Location specified" in the Lease by allowing third-party Charles Schindler to pick up the Equipment from the address identified in the 62122 Lease without FCL's prior written consent. (Answer, Doc. 9 at p. 1).

14. As a consequence of Defendant's defaults, FCL issued a Notice of Default to Defendant on January 29, 2019. (Notice of Default, attached hereto as **Exhibit 5**; *see also* Kranz Aff. ¶ 15; Answer, Doc. 9 at p. 4.)

15. Defendant did not adequately address FCL's correspondence and failed to cure the defaults. (Kranz Aff. ¶ 16.)

16. Due to Defendant's defaults and failure to cure, FCL accelerated the remaining amounts due pursuant to the terms and conditions set forth in the Lease. (Kranz Aff. ¶ 17.)

17. Defendant is in default and is in breach of the Lease. (Kranz Aff. ¶ 18; Admissions ¶ 18.)

18. Consequently, FCL is entitled to exercise its remedies afforded under the Lease and state and federal law. (Kranz Aff. ¶ 19.)

19. Such remedies include, without limitation, recovering the total amounts due under the terms of the Lease as of February 5, 2020, of not less than $105,426.79, plus prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred. (Kranz Aff. ¶ 20.)

20. In the Lease, the parties agreed Minnesota law would apply to all disputes in connection with the agreements, including all matters of "construction, validity, and performance." (Ex. 1 ¶ 31; Kranz Aff. ¶ 21.)

          Respectfully submitted,

          Henry C. Shelton, III
          Bar # 2010015
          ***Attorneys for Farm Credit Leasing Services Corporation***
          ADAMS AND REESE LLP
          Crescent Center
          6075 Poplar Avenue, Suite 700
          Memphis, Tennessee 38119
          Phone  (901) 525-3234
          Fax     (901) 524-5419
          henry.shelton@arlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's electronic filing system this 10th day of February 2020.

          Henry C. Shelton, III