# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

Farm Credit Leasing Services Corporation,

      Plaintiff,

v.

Jeffrey McDoniel,

      Defendant.

Case No.: 4:19-cv-242-BRW

## RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

**COMES** the Defendant, Jeffery McDoniel, and for his Answers to FCL's Motion for Partial Summary Judgment, states:

Plaintiff's Motion for Partial Summary Judgment should be denied because genuine issues of material facts are in dispute; namely, whether FCL was put on notice by accepting payment from Charles Schindler of Delta Southern Chemical Corp, LLC. FCL did nothing to investigate nor limit their exposure while accepting payments, and there is no dispute that Plaintiff accepted multiple payments from Schindler of Delta Southern Chemical Corp, LLC.

The terms of the tractor's lease unilaterally favor the Plaintiff in all respect with no opportunity for meaningful negotiation, which renders the Defendant at an unfair legal disadvantage. Enforcing a non-negotiable instrument leaves the Defendant inordinately disadvantaged, especially considering the implied and actual notice that a reasonable party should have upon receipt of payments from a third party. It is undisputed that the representative of FCL was of sound mind when they accepted the payments. It also undisputed the checks were "delivered" to Farm

Credit Leasing Services Corporation. It is undisputed that FCL accepted the payments and used the funds.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Nationwide Mutual Fire Insurance Co. v. Citizens Bank & Trust Co.*, 2014 Ark. 20, 431 S.W.3d 292. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Holt Bonding Co. v. First Federal Bank*, 82 Ark.App. 8, 110 S.W.3d 298 (2003). Courts must determine if there are genuine issues of material fact in dispute by viewing the evidence in the light most favorable to the party resisting the motion and resolving any doubts and inferences against the moving party. *Nationwide Mutual Fire Insurance Co.,* supra. When there are genuine issues of material fact with regard to a party's intent, summary judgment is improper. *Edwards v. MSC Pipeline, LLC*, 2013 Ark. App. 165. Summary judgment should not be granted if it is necessary to weigh the credibility of statements to resolve an issue. See *Turner v. Northwest Arkansas Neurosurgery Clinic*, 84 Ark. App. 93, 133 S.W.3d 417 (2003) ; *Adams v. Wolf*, 73 Ark. App. 347, 43 S.W.3d 757 (2001); *Gibraltar Lubricating Servs., Inc. v. Pinnacle Res., Inc.*, 2016 Ark. App. 156, 486 S.W.3d 224.

Issues of material fact include whether FCL was put on notice by accepting payments from Schindler in place of payments from Defendant. Another issue of material fact is whether Defendant signed all of the agreements that FCL claimed he signed. In other words, the trier of facts is

going to be called upon to weigh the evidence and the credibility of the actions of the Plaintiff to reach a conclusion on whether acceptance of payment from a third party should have put FCL on notice, and whether the signatures on the documents are sufficient. It is improper to weigh evidence and credibility in a summary judgment proceeding.

For the reasons stated above, there remain genuine issues of material fact which cannot properly be resolved on summary judgment. Defendants' motion for summary judgment must be denied.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Response to FCL's Motion for Partial Summary Judgment was forwarded via First Class Mail to the following attorneys this 25th day of February, 2020:

    Henry C. Shelton, III (Bar #2010015)
    ADAMS AND REESE LLP
    Crescent Center
    6075 Poplar Avenue, Suite 700
    Memphis, TN 38119
    Phone: 901-525-3234
    Fax: 901-524-5419
    Email: Henry.Shelton@arlaw.com

***Attorneys for Farm Credit Leasing Services Corporation***

                                              **/s/ Denny Paul Petty**
                                       **Denny Paul Petty, ABA 71063**
                                       **J. Michael Petty, ABA 2016183**
                                       **Attorneys for Defendant**
                                       **411 West Arch Avenue**
                                       **Phone: 501-268-7161**
                                       **Fax: 501-268-9895**
                                       **Email: pettylawfirm@hotmail.com**